UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RIKKI MARTINEZ,

    Plaintiff,

v.

COUNTY OF SANTA CLARA, et al.,

    Defendants.

Case No. 16-cv-05626-JSC

**ORDER FINDING COGNIZABLE CLAIMS**

Plaintiff, currently a California pretrial detainee, filed this action against the County of Santa Clara (the "County") and a number of County correctional officers (the "Individual Defendants") based on events that took place while Plaintiff was at three jails run by the County Department of Corrections.[1] He alleges violations of his Eighth and Fourteenth Amendment rights as well as various state law claims.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 5.)

statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

## LEGAL CLAIMS

Plaintiff alleges that defendant correctional officers Salvadore Jacquez, Jon Quiro, Jason Satariano, Eamonn Dee, Adam Torrez, and Wheeler beat him in his jail cell and intentionally caused him great injury on April 18, 2016, as part of a conspiracy to retaliate against Plaintiff after hearing that he kicked another correctional officer in the face. He alleges that he suffered severe pain and injuries that required emergency medical treatment as a result of the incident. Plaintiff alleges that he has submitted administrative grievances about the incident and his conditions of confinement, but defendants Jacquez and Tracey have ensured that the jail has not addressed them and have instead retaliated against Plaintiff for filing them by placing him in increasingly restrictive conditions of confinement. He further alleges that he has been subject to cruel and unusual punishment based on the beating and on the County's failure to permit Plaintiff to spend sufficient time out of his cell, failure to provide medication despite their knowledge that he suffers from PTSD, and denial of water and toilet paper. Plaintiff alleges that he has suffered severe emotional distress, fear, terror, anxiety, depression, humiliation, embarrassment and loss of his sense of security, dignity, and pride as a result of these conditions. According to Plaintiff, the County failed to train its correctional deputies not to use excessive force, failed to investigate claims of misconduct and to discipline any of the deputies involved for their conduct, and consistently denies requests to be removed from isolation or receive minimum out-of-cell time. Plaintiff's complaint includes five claims for relief, and he states a cognizable claim for the purposes of Section 1915A review for each.

**I.   Constitutional Violations**

  A. *First Cause of Action: Section 1983 Claim against the Individual Defendants*

  The first two causes of action allege violations of civil rights under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

  In the first cause of action Plaintiff alleges that the individual defendants violated his Fourteenth Amendment rights to be free from cruel and unusual conditions of confinement and from excessive force.  The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 295 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)).  If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." *Bell,* 441 U.S. at 539.  Plaintiff at least states a cognizable claim against the individual officers for violating his right to be free from punishment based on the beating, which served no governmental purpose like ensuring safety as alleged and was intended to be a vigilante punishment for Plaintiff's alleged attack on another correctional officer.  Plaintiff also states a cognizable claim based on the officers' denial of access to out-of-cell time, placement in inhumane cells, and denial of medicine.  Accordingly, this claim passes Section 1915A review.

  B. *Second Cause of Action: Section 1983 Claim against the County*

  The second cause of action is a municipal liability claim *Monell v. New York Department of Social Services*, 436 U.S. 658 (1978).  Municipalities may be held liable as "persons" under 42 U.S.C. § 1983, but not for the unconstitutional acts of their employees based solely on respondeat superior. *Id.* at 691. Instead, a plaintiff seeking to impose liability on a municipality under Section 1983 must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Johnson v. Shasta Cnty.*, 83 F. Supp. 3d 918, 930 (E.D. Cal. 2015) (citations omitted). Thus, to state a claim under Section 1983, a plaintiff must allege: (1) that the plaintiff possessed a

constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the violation. *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir.1997). A *Monell* claim can take one of three forms: "(1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failures to act amount to a local government policy of 'deliberate indifference' to constitutional rights; or (3) when a local government official with final policy-making authority ratifies a subordinate's unconstitutional conduct." *Brown v. Contra Costa Cnty.*, No. C 12-1923 PJH, 2014 WL 1347680, at *8 (N.D. Cal. Apr. 3, 2014) (citing *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir.2010)).

As explained above, Plaintiff has stated a cognizable claim for violation for the underlying constitutional violations alleged in the first cause of action—to be free from excessive force and cruel and unusual punishment. He has also adequately alleged a custom, policy or practice for the purposes of surviving Section 1915A review. Specifically, Plaintiff alleges that the County was on notice of repeated instances of the individual defendants inflicting excessive force on other detainees and engaging in practices that result in cruel and unusual punishment. He further alleges that the jail officials consistently deny Plaintiff's and others' written requests to be removed from isolation or to have minimal out-of-cell time. He alleges that the County has therefore demonstrated deliberate indifference these violations.

Plaintiff has couched his *Monell* claim in the wrong constitutional right. When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). A sentenced inmate, on the other hand, may not be subject conditions of confinement that are "cruel and unusual" under the Eighth Amendment. *Id.* at 535 n.16; *see Resnick v. Hayes*, 213 F.3d 443, 447-48 (9th Cir. 2000) (prisoner who has been convicted but not yet sentenced should be treated as sentenced prisoner, rather than pretrial detainee). Thus, the second claim for relief should arise under the Fourteenth Amendment, and not the Eighth. However, this distinction may not make a difference in the analysis of Plaintiff's

4

claims because even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment may serve as a benchmark for evaluating those claims. *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) (citation omitted) ("The requirement of conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the prisons."); *see*, *e.g.*, *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (Eighth Amendment deliberate indifference standard applicable to pretrial detainees' medical claims). Accordingly, Plaintiff's second cause of action survives Section 1915A review.

## II. State Law Claims

### A. *Third and Fourth Causes of Action: Intentional Infliction of Emotional Distress*

Plaintiff's third and fourth causes of action allege intentional infliction of emotional distress. The elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendants with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Delfino v. Agilent Techs., Inc.*, 145 Cal. App. 4th 790, 808 (2006). For conduct to be extreme and outrageous, it must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 1001 (1993); *Delfino*, 145 Cal. App. 4th at 809. *See also Sanders v. City of Fresno*, 551 F. Supp. 2d 1149, 1179-80 (E.D. Cal. 2008), *aff'd*, 340 F. App'x 377 (9th Cir. 2009).

California Government Code § 815.2 provides "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code § 815.2(a). "California . . . has rejected the *Monell* rule and imposes liability on counties under the doctrine of respondeat superior for acts of county employees; it grants immunity to counties only where the public employee would also be immune." *Robinson v. Solano Cnty.*, 278 F.3d 1007, 1016 (9th Cir. 2002); *see also J.K.G. v. Cnty. of San Diego*, No. 11CV305 JLS (RBB), 2011 WL 5218253, at

*11 (S.D. Cal. Nov. 2, 2011) (denying motion to dismiss vicarious liability for intentional infliction of emotional distress claim against county, where plaintiff alleged sufficient facts to state a claim against individual county employee's acting within the scope of his employment).

Here, the third cause of action alleges intentional infliction of emotional distress against all individual defendants except for Tracey based on the beating. Plaintiff alleges that the individual defendants carried out a plan to deliberately injure Plaintiff as retaliation for his alleged conduct towards another correctional officer, and that the attack cause Plaintiff severe emotional distress. These allegations state a cognizable claim for the purposes of Section 1915A review. The same is true of the fourth cause of action, which alleges that Defendants Jacquez and Tracey conspired to prevent Plaintiff and other inmates from filing administrative grievances by ignoring the complaints and instead responding by placing Plaintiff and other inmates in unnecessarily restrictive conditions of confinement.

B.    *Fifth Cause of Action: Bane Act Claim*

Finally, Plaintiff alleges that Defendants Jacquez, Quiro, Satariano, Dee, Torrez, Wheeler, and the County have violated his rights under the Bane Act. The Bane Act, codified at California Civil Code § 52.1, makes it unlawful for any person to "interfere[ ] by threats, intimidation, or coercion, or attempt[ ] to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights . . . secured by the Constitution or laws of this state." *Id.* at 42.1. The gravamen of Plaintiff's Bane Act claim is that these defendants interfered with Plaintiff's right to be free from excessive force and cruel and unusual punishment. The claim is cognizable based on his allegations of intentional excessive force. *See Davis v. City of San Jose*, 69 F. Supp. 3d 1001, 1008 (N.D. Cal. 2014) (collecting cases from the California Supreme Court and concluding that the Bane Act extends to claims of deliberate harm based on a physical beating, but not mere negligence that results in harm). In addition, Plaintiff has alleged that he has exhausted administrative remedies required to bring a state law claim against the County by repeatedly filing his administrative grievances and eventually being told by the County that no administrative remedy was available. Thus, Plaintiff's Bane Act Claim survives Section 1915A review.

## CONCLUSION

For the reasons described above, Plaintiff's claims survive Section 1915A review. This Order is without prejudice to Defendants filing a motion to dismiss Plaintiff's claims for failure to state a claim or on any other grounds. A case management conference is scheduled for **December 15, 2016 at 1:30 p.m.** The parties shall file a joint case management statement at least one week before the conference.

**IT IS SO ORDERED.**

Dated: October 31, 2016

*[signature]*
JACQUELINE SCOTT CORLEY
United States Magistrate Judge