UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RIKKI MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>    Defendants. | Case No. 16-CV-05626-LHK<br><br>**ORDER GRANTING MOTION TO STAY PENDING RESOLUTION OF RELATED CRIMINAL PROCEEDINGS**<br><br>Re: Dkt. No. 26 |

Plaintiff Rikki Martinez ("Plaintiff") brings this suit against Defendants County of Santa Clara and correctional officers Salvadore Jacquez, Jon Quiro, Jason Satariano, Eamonn Dee, Adam Torrez, Elmer Wheeler, and Matthew Tracey (collectively, "Defendants"). Before the Court is Defendants' Motion to Stay Pending Resolution of Related Criminal Proceedings. ECF No. 26 ("Mot."). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and vacates the hearing scheduled for May 25, 2017. Having considered the parties' briefing, the relevant law, and the record in this case, the Court GRANTS Defendants' Motion to Stay Pending Resolution of Related Criminal Proceedings.

## I. BACKGROUND

### A. Factual Background

1

Case No. 16-CV-05626-LHK
ORDER GRANTING MOTION TO STAY PENDING RESOLUTION OF RELATED CRIMINAL PROCEEDINGS

Plaintiff's complaint alleges that correctional officers Salvadore Jacquez, Jon Quiro, Jason Satariano, Eamonn Dee, Adam Torrez, and Elmer Wheeler (collectively, "correctional officers") engaged in "extrajudicial punishment" of Plaintiff. ECF No. 1 ("Compl."). The remaining correctional officer Defendant, Matthew Tracey, allegedly took part in a conspiracy to cover up the extrajudicial punishment. Plaintiff's complaint alleges the following facts.

Plaintiff was an inmate at the Elmwood Men's Correctional Facility ("Elmwood"). Compl. ¶ 15. On April 18, 2016, at 4:00 p.m., Plaintiff allegedly kicked a correctional officer in the face. *Id.* ¶ 16. As a result, Plaintiff was transferred from Elmwood to the Main Jail Facility. *Id.* ¶ 20. Defendant Elmer Wheeler allegedly learned of Plaintiff's transfer and the reason for the transfer. *Id.* ¶ 19. Elmer Wheeler informed correctional officers Jacquez, Quiro, Satariano, Dee, and Torrez, about Plaintiff's transfer to Main Jail and the assault on a correctional officer at Elmwood. *Id.* ¶¶ 21–22. The complaint alleges that "Wheeler conspired with Jacquez, Quiro, Satariano, Dee, and Torrez to give [Plaintiff] a beating as punishment" for kicking the Elmwood correctional officer. *Id.* ¶ 29.

Plaintiff arrived at the Main Jail around 9:12 p.m. *Id.* ¶ 37. During booking, Plaintiff allegedly was agitated. *Id.* ¶¶ 46–47. After booking Plaintiff, Wheeler instructed Quiro and Satariano to escort Plaintiff upstairs to Plaintiff's cell on the fourth floor, Pod 2, and told another correctional officer who is not a defendant in this action to stay behind. *Id.* ¶ 51. Jacquez joined Quiro, Satariano, and Wheeler in escorting Plaintiff upstairs. *Id.* ¶ 52.

Upon reaching the fourth floor, Pod 2, Plaintiff was brought to cell 25. *Id.* ¶ 61. Dee and Torrez were waiting near cell 25. *Id.* ¶ 60.

Jacquez placed Plaintiff in cell 25 and made Plaintiff kneel on the bunk in the cell. *Id.* ¶ 65. Quiro removed Plaintiff's leg shackles. *Id.* ¶ 68. Quiro then removed the shackles on Plaintiff's left hand, and Jacquez then put Plaintiff's left hand behind Plaintiff's back. *Id.* ¶ 73. Even though Plaintiff allegedly "never once grabbed Jacquez' hand," Jacquez began shouting: "Let go of my hand!" *Id.* ¶ 75. Jacquez and the other officers allegedly pushed Plaintiff face down onto the mattress of the bunk. *Id.* ¶ 82. Jacquez continued yelling that Plaintiff was

2
Case No. 16-CV-05626-LHK
ORDER GRANTING MOTION TO STAY PENDING RESOLUTION OF RELATED CRIMINAL PROCEEDINGS

gripping Jacquez's hand, while Plaintiff yelled: "Help, help!" *Id.* ¶ 85. Satariano and Martinez allegedly held Plaintiff's neck down on the bunk while Jacquez punched Plaintiff in the face three to five times. *Id.* ¶ 86. After about 20 seconds, Jacquez backed away, and Torrez allegedly moved in and struck Plaintiff twice with a fist. *Id.* ¶ 92. Plaintiff was beaten for a period of over one minute. *Id.* ¶ 95.

As a result of the beating, Plaintiff suffered head trauma, which included swelling of his right eye, contusions, a bloody nose, and a swollen and reddish-bluish discoloration of his right ear. *Id.* ¶ 99. Plaintiff also chipped his tooth, lost consciousness, and defecated and urinated on himself while he was being beaten. *Id.* ¶ 100.

Plaintiff filed an administrative grievance about the beating. *Id.* ¶ 108. Correctional officer Defendant Matthew Tracey investigated the grievance. *Id.* ¶ 111. After Tracey spoke with Plaintiff about the beating, Tracey and Jacquez walked by Plaintiff's cell and stared at Plaintiff in "an open and notorious act of intimidation." *Id.* On July 12, 2016, Plaintiff's administrative grievance was denied. *Id.* ¶ 113.

**B. Procedural History**

On October 4, 2016, Plaintiff filed the instant suit. *See* Compl. Plaintiff alleges five claims: (1) a claim under 42 U.S.C. § 1983 against Jacquez, Quiro, Satariano, Dee, Torrez, and Wheeler for cruel and unusual punishment and use of excessive force, (2) a claim under § 1983 against the County of Santa Clara for policies and practices that cause cruel and unusual punishment, (3) a common law claim for conspiracy between Jacquez, Quiro, Satariano, Dee, Torrez, and Wheeler, (4) a common law claim for conspiracy between Jacquez and Tracey, and (5) a claim under California Civil Code § 52.1 against Jacquez, Quiro, Satariano, Dee, Torrez, Wheeler, and the County of Santa Clara for violation of Plaintiff's federal and state constitutional rights. *Id.* ¶¶ 132–58.

Based on the above-described incidents, on November 16, 2016, a first amended felony complaint ("FAFC") was filed against Plaintiff in California Superior Court for Santa Clara

3

Case No. 16-CV-05626-LHK
ORDER GRANTING MOTION TO STAY PENDING RESOLUTION OF RELATED CRIMINAL PROCEEDINGS

County. *See* ECF No. 28-1 (FAFC).[1]  The FAFC contains two counts against Plaintiff.  Count 1 of the FAFC is based on Plaintiff's alleged kicking of the Elmwood correctional officer in the face, and alleges that Plaintiff committed an assault on a peace officer by means likely to produce great bodily injury in violation of California Penal Code § 245(c).  Count 4 of the FAFC is based on the incident at the Main Jail, and alleges that Plaintiff committed battery on a custodial officer, Jacquez, in violation of California Penal Code §§ 242–243.1.  The other two counts, Counts 2 and 3, concern another defendant whose actions are not at issue in the instant suit.

On March 6, 2017, Defendants moved to stay the instant case pending the related criminal proceedings.  *See* Mot.  On March 20, 2017, Plaintiff filed an opposition, ECF No. 32 ("Opp'n"), and on March 27, 2017, Defendants filed a reply, ECF No. 33 ("Reply").

## II. DISCUSSION

Defendants seek a stay of Plaintiff's claim pending resolution of the criminal proceedings against Plaintiff under *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the United States Supreme Court held that "to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Id.* at 487.  Absent an intervening decision that renders a conviction ineffectual, *Heck*

---

[1] Defendants request judicial notice of the November 16, 2016 FAFC filed in the California Superior Court for Santa Clara County.  The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Public records are proper subjects of judicial notice.  *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").  Accordingly, Defendants' request for judicial notice is GRANTED.  However, to the extent any of the facts in this document are in dispute, the Court does not take judicial notice of those facts.  *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of matters of public record . . . But a court may not take judicial notice of a fact that is subject to reasonable dispute.") (internal quotation marks omitted), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

4
Case No. 16-CV-05626-LHK
ORDER GRANTING MOTION TO STAY PENDING RESOLUTION OF RELATED CRIMINAL PROCEEDINGS

requires courts to dismiss a § 1983 action if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487 (emphasis added).

The United States Supreme Court has held that *Heck* "is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Wallace v. Kato*, 549 U.S. 384, 393 (2007). *Heck* does not require dismissal of claims that would "impugn *an anticipated future conviction*." *Id.*; *see also Hopkins v. Contra Costa Cty. Sheriff Dep't*, 2012 WL 2063112, at *2 (N.D. Cal. June 7, 2012) ("*Heck* does not apply if plaintiff has only been arrested or charged, not convicted."). The *Wallace* court held that such a rule would require "the plaintiff (and if he brings suit promptly, the court) to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict . . . all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Wallace*, 549 U.S. at 393.

However, the *Wallace* court also held that if a plaintiff "files any [] claim related to rulings that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.*; *see also Peyton v. Burdick*, 358 F. App'x 961 (9th Cir. 2009) (staying case where the § 1983 claims "implicate rulings that are likely to be made in the pending state court criminal proceeding"). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace*, 549 U.S. at 393 (citation omitted).

Under *Wallace*, a stay of Plaintiff's claims is appropriate here. As noted above, Plaintiff's civil complaint alleges that Plaintiff was transferred to the Main Jail after kicking a correctional officer in the face at Elmwood. Compl. ¶¶ 16–37. Once Plaintiff arrived at Main Jail, Plaintiff was escorted to his cell by the correctional officers. *Id.* Once there, while the correctional officers were removing Plaintiff's restraints inside the cell, Jacquez yelled: "Let go of my hand!" *Id.* ¶ 75. At that point, Plaintiff was pushed down onto the bunk and held down by another correctional officer, Quiro. *Id.* at 82–84. Even after Plaintiff was pushed to the mattress, Jacquez was yelling

5
Case No. 16-CV-05626-LHK
ORDER GRANTING MOTION TO STAY PENDING RESOLUTION OF RELATED CRIMINAL PROCEEDINGS

that Plaintiff was "gripping his hand" while Plaintiff yelled: "Help, help!" *Id.* ¶ 85. Jacquez then punched Plaintiff three to five times in the head. *Id.* ¶¶ 61–95. Multiple officers then allegedly began beating Plaintiff. *Id.* Plaintiff alleges that he never grabbed Jacquez's hand and that the beating was orchestrated as a conspiracy to retaliate against Plaintiff for kicking a correctional officer at Elmwood. *Id.* ¶ 29. Based on these events at the Main Jail, Count 4 of the FAFC alleges that Plaintiff committed battery against correctional officer Jacquez. *See* FAFC at 1.

A comparison of the FAFC and the complaint in the instant suit shows that the allegations arise from the same series of events and involve overlapping issues of fact. Specifically, whether or not the officers wrongfully used excessive force depends at least partly on whether Plaintiff grabbed Jacquez and how long Plaintiff continued to hold on to Jacquez, a factual issue that will be addressed in the criminal proceedings. *See Cunningham v. Gates*, 312 F.3d 1148, 1154 (9th Cir. 2002) (as amended) (holding claims barred by *Heck* where "the complaint disputed several factual issues that the state jury had already resolved against him"). Moreover, a conviction for battery against a custodial officer requires a showing that "the custodial officer was acting within the scope of his or her duties." *Velarde v. Duarte*, 937 F. Supp. 2d 1204, 1209 (S.D. Cal. 2013). The determination whether Jacquez was acting within the scope of his duties will be relevant to whether Jacquez used excessive force against Plaintiff. *Id.* at 1209–10 ("A custodial officer is acting within the scope of his or her duties only when he or she acts reasonabl[y] and without excessive force."). At the very least, therefore, the civil claims here are "related to rulings that will likely be made in a pending or anticipated criminal trial." *Wallace*, 549 U.S. at 393. Thus, under *Wallace*, a stay is warranted. *See Hopkins*, 2012 WL 2063112 at *2 ("In cases such as this one, where there is no extant conviction, it is appropriate to follow the [United States] Supreme Court's suggestion and stay the case.").

In response, Plaintiff argues that a stay is not warranted because even if Plaintiff is convicted, which would establish that Plaintiff grabbed Jacquez, the correctional officers' use of force was unconstitutionally excessive. Plaintiff relies on *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2005), for the proposition that the *Heck* bar does not apply under these circumstances.

6

Case No. 16-CV-05626-LHK
ORDER GRANTING MOTION TO STAY PENDING RESOLUTION OF RELATED CRIMINAL PROCEEDINGS

However, the analysis in *Smith* occurred after the plaintiff had already been criminally convicted, solely addressed whether the claim was barred by *Heck* in light of the conviction, and did not address a stay. *Id.* at 694. Here, in contrast, no conviction has occurred. Under *Wallace*, the Court need not address whether *Heck* will bar the instant suit because of a conviction that has not yet occurred. *See Wallace*, 549 U.S. at 393 (holding that *Heck* does not apply before a conviction has occurred because it would require "the court[] to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict . . . all this at a time when it can hardly be known what evidence the prosecution has in its possession."). It is possible that even if Plaintiff is eventually convicted, Plaintiff's claims will not be barred under *Heck* in its entirety to the extent the facts underlying the conviction and the civil claims do not overlap. *See Hooper v. Cty. of San Diego*, 629 F.3d 1127, 1134 (9th Cir. 2011) (finding excessive force claims not barred by *Heck* "when the conviction and the § 1983 claim are based on different actions during 'one continuous transaction.'"). However, the extent of that overlap and the scope of the *Heck* bar can only be determined after a conviction occurs. *See Monday v. McDonnell*, 2015 WL 3970341, at *3 (C.D. Cal. June 30, 2015) (granting stay where "[t]he criminal charges *may* [] be relevant to the resolution of the Complaint's excessive force claim" (emphasis added)). Therefore, a stay is warranted.

Accordingly, the Court GRANTS Defendants' Motion for Stay Pending Resolution of Related Criminal Proceedings.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion for Stay Pending Resolution of Related Criminal Proceedings. The further case management conference set for June 14, 2017 is CONTINUED to November 15, 2017, at 2:00 p.m. The parties shall file a joint case management statement on November 8, 2017 informing the Court of the status of the criminal case against Plaintiff. The case schedule is VACATED as to all other deadlines. The Clerk shall administratively close the file.

**IT IS SO ORDERED.**

Dated: May 18, 2017

_____
LUCY H. KOH
United States District Judge